# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

HAROLD GARDNER
    Petitioner,

v.                               No. 3:15-cv-01037-DRH

UNITED STATES OF AMERICA
    Respondent.

## ORDER

**HERNDON, District Judge:**

This matter comes before the Court for case management. On September 21, 2015, petitioner Harold Gardner ("Gardner") filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). Specifically, Gardner challenges his status as a career offender based on the holding in *Johnson v. United States*, 135 St. Ct. 2551 (2015) (*Id.*). In *Johnson*, the United States Supreme Court found the residual clause in the Armed Career Criminal Act ("ACCA") to be unconstitutionally vague under the Sixth Amendment's Due Process Clause. *See Johnson*. Gardner argues that because the residual clause found in U.S.S.G. § 4B1.2 is substantially identical to that found in the ACCA, it similarly is unconstitutionally vague (Doc. 1). In accordance with this District's Administrative Order No. 176, the Court appointed the Federal Public Defender ("FPD") to represent Gardner (Doc. 5).

Due to a circuit split as to whether the sentencing guidelines were subject to vagueness challenges, the Supreme Court granted certiorari in *Beckles v. United*

*States*, 137 S. Ct. 886 (2017), in order to resolve the split. In *Beckles*, the Court held that *Johnson*-reasoning does not extend to section 4B1.2's residual clause, and the advisory sentencing guidelines are ultimately not subject to vagueness challenges under the Due Process Clause. *See Beckles*. Subsequently, the government filed a Notice Regarding Supplemental Authority arguing that the section 2255 motion should be denied in light of *Beckles* (Doc. 9); and more specifically asserting that Gardner's 2255 petition should be dismissed given there was no cognizable error in his sentence because the petition rests wholly on the premise that the advisory guidelines may be attacked as unconstitutionally vague (*Id.*).

Based on the foregoing, the Court **DIRECTS** Gardner—on or before September 22, 2017—to file a response **SHOWING CAUSE**, i.e. a valid reason, why his section 2255 petition should not be denied and his case dismissed. The government may—but is not required to—file any further response by the same date. The Clerk of Court is **DIRECTED** to mail a copy of this Order to Gardner at his law known address.

**IT IS SO ORDERED**.
Signed this 21st day of August, 2017.

Judge Herndon
2017.08.21 17:10:03 -05'00'

**UNITED STATES DISTRICT JUDGE**