# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HAROLD GARDNER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) No. 3:15-cv-01037-DRH |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## ORDER

**HERDON, District Judge:**

On September 21, 2015, petitioner Harold Gardner ("petitioner") filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. [Doc. 1]. In his § 2255 motion, petitioner challenges his designation as a career offender.

The Court, after reviewing the pleadings, and pursuant to Administrative Order 176, referred the case to the Federal Public Defender ("FPD") given *Johnson v. United States,* 135 S. Ct. 2551 (2015) and the fact that petitioner challenges his career offender status. *See* doc. 4. On March 6, 2017, the Supreme Court issued its decision in *Beckles v United States*, 137 S.Ct. 886 (2017) (holding broadly that advisory sentencing guidelines are not subject to vagueness challenges under the Due Process Clause, and thus, the reasoning of *Johnson* does not extend to § 4B1.2's residual clause).

In light of *Beckles*, the Federal Public Defender moved to withdraw as

1

counsel. [Doc. 12]. The FPD asserts that petitioner's claim surrounding his career offender status is not viable because the *Beckles* decision forecloses any colorable claim for relief based on *Johnson.* The Court entered a show cause order directing petitioner to show cause no later than thirty days from its entry as to why the undersigned should not grant the Assistant FPD's motion to withdraw and deny petitioner's pro se § 2255 petition. [Doc. 13]. Petitioner Gardner failed to respond. Clearly, *Beckles* precludes petitioner's § 2255 motion and there is no basis to vacate or correct Gardner's sentence.

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, this Court denies a certificate of appealability in this case. A certificate of appealability should issue only when the prisoner shows both "that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This Court concludes that jurists of reason would not find it debatable whether petitioner's motion states a valid claim of the denial of a constitutional right and also concludes that jurists of reason would not find it debatable whether this Court correctly dismissed with petitioner's motion based on *Beckles*.

Accordingly, the Court **DENIES** and **DISMISSES with prejudice** petitioner Gardner's 28 U.S.C. § 2255 motion (doc.1) and **GRANTS** the FPD's motion to withdraw (doc. 12). Further, the Court **DECLINES** to issue a certificate of

appealability.  The Court **DIRECTS** the Clerk of the Court to enter judgment in favor of the United States of America and against Harold Gardner.

**IT IS SO ORDERED.**

*/s/ David R. Herndon*

Judge Herndon
2018.01.26
16:38:05 -06'00'

**United States District Judge**